**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **LATONYA MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:05-CV-87 (WLS)** |
| | ) | |
| **CITY OF ALBANY *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT CITY OF ALBANY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff did not address Defendant City of Albany's ("the City") legal points in her response to the City's Motion to Dismiss, and instead relied exclusively on her previously filed pleadings. She attached additional "discovery," in the form of a patient summary from Southwest State Hospital[1] and a letter she sent to President Bush. Thus the crux of the City's argument – that Plaintiff has literally not stated a claim against the City for which relief may be granted – remains unchallenged. Unquestionably the City is entitled to dismissal of this Complaint.

The City is mindful of the Court's obligation to liberally construe pleadings of a pro se plaintiff, e.g. *Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied 404 U.S. 948 (1972).* This Court has bent over backwards to be fair to Plaintiff Moore, already providing numerous opportunities over a lengthy period of time to correct or amend pleadings and asking her to demonstrate to the Court that it has jurisdiction over her Complaint. Even so, Plaintiff has failed to plead any facts which, if true, would be

[1] The medical summary indicates that Plaintiff 's hallucinations and paranoia decreased after treatment with antipsychotic medications.

grounds for legal action against the City. Plaintiff cites the Bill of Rights and sex discrimination/harassment as the bases for her claim, presumably against both Defendants. But she failed to plead with any specificity any act whatsoever by the City (or, as far as the City is aware, by codefendant Phoebe Putney Memorial Hospital) which could be the basis for her civil rights claim, and, further, failed to plead with sufficient specificity any set of facts which would support a § 1983 claim against the City (or, as far is the City is aware, against Phoebe Putney Memorial Hospital). At some point, permitting this case to proceed when there is clearly no basis to do so pursuant to Fed.R.Civ.P. 12(b)(6), becomes unfair to the City.

A careful reading of Plaintiff's most recent submissions reinforces the City's contention that Plaintiff has failed to state a claim for which relief may be granted. For all these reasons the City's Motion should be GRANTED.

Respectfully submitted this 14 day of February, 2007.

C. Nathan Davis
Ga. Bar No. 207750

Kathleen Strang
Bar No. 675018

Attorneys for Defendant City of Albany

(229) 431-2805

201 West Oglethorpe Blvd.
Suite 355-A
Albany, Georgia 31701

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LATONYA MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ALBANY, GEORGIA, PHOEBE PUTNEY MEMORIAL HOSPITAL, ALBANY, GEORGIA POLICE DEPARTMENT,<br><br>Defendants. | ) | CIVIL ACTION NO. 1:05-CV-87 (WLS) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of DEFENDANT CITY OF ALBANY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS by placing a copy in the U.S. mail, with sufficient postage attached, and addressed to:

Ms. LaTonya Moore
1308 Hobson St. #5
Albany, Georgia 31705

Donald W. Lee Esq.
Langley & Lee LLC
P.O. Box 607
Albany, Georgia 31702-0607

This 14 day of February, 2007.

Kathleen Strang
Ga. Bar No. 675018
Attorney for Defendant City of Albany

(229) 431-2805